IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **GREGORY BOWE**, *et al.*, | : | |
| | : | Case No. 2:22-cv-04266 (consolidated with |
| | : | 1:22-cv-00723; 2:22-cv-04314; 2:22-cv 04315; |
| | : | 1:22-cv-00721; 2:22-cv-04318; 2:22-cv-04310) |
| | : | |
| Plaintiffs, | : | Chief Judge Algenon L. Marbley |
| | : | Magistrate Judge Elizabeth P. Deavers |
| | : | |
| v. | : | |
| | : | |
| **CROSS RIVER BANK**, *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |

## OPINION & ORDER

This matter is before this Court on Defendant Sunlight Financial, LLC's Motions to Compel Arbitration and Dismiss in the following cases: *Bowe et al. v. Cross River Bank et al.*, Case No. 2:22-cv-04266 (ECF No. 20); *Evans et al. v. Cross River Bank et al.*, Case No. 1:22-cv-00723 (ECF No. 20); *Salazar et al. v. Cross River Bank et al.*, Case No. 2:22-cv-04314 (ECF No. 19); *Riley et al. v. Technology Credit Union et al.*, Case No. 2:22-cv-04315 (ECF No. 23); *Stenger et al. v. Technology Credit Union et al.*, Case No. 1:22-cv-00721 (ECF No. 22); *Chamberlin et al. v. Technology Credit Union et al.*, Case No. 2:22-cv-04318 (ECF No. 26); and *Genton et al. v. Technology Credit Union et al.*, Case No. 2:22-cv-04310 (ECF No. 21).

For all practical purposes, the motions are nearly identical, so this Court considers the motions as a consolidated motion and, as applicable, references the motions outlined in *Bowe et al. v. Cross River Bank et al.*, Case No. 2:22-cv-04266. Since Technology Credit Union is not a party in *Bowe*, however, this Court will, as applicable, reference Technology Credit Union's motions outlined in *Riley et al. v. Technology Credit Union et al.*, Case No. 2:22-cv-04315. For

1

the reasons set forth below, this Court **GRANTS** Defendant Sunlight Financial, LLC ("Sunlight")'s Motions to Compel Arbitration and Dismiss.

## I. BACKGROUND

This Court recently laid out the detailed factual and procedural history of these cases (ECF No. 51), so this Court addresses only the history relevant to Sunlight's motion to compel and dismiss (*Bowe*, ECF No. 20). Leading up to this Court's most recent opinion, Defendants Technology Credit Union ("TCU") and Cross River Bank ("Cross River") moved to join Sunlight's motion, seeking, too, to compel Plaintiffs to arbitrate their claims and for this Court to dismiss the claims. (*Riley*, ECF No. 48 (TCU); *Bowe*, ECF No. 25 (Cross River)). In that opinion, this Court granted both TCU and Cross River's requests to join Sunlight's motion and, analyzing the motion as if TCU and Cross River were in Sunlight's shoes, then granted the motion as to TCU and Cross River, thereby dismissing the claims against them. (ECF No. 51 at 29–37). Before doing so, however, this Court severed all claims against Sunlight and stayed its motion based on its ongoing bankruptcy proceedings. (*Id.* at 27–28). Sunlight has since provided notice of the dismissal of its bankruptcy proceedings. (ECF No. 52). As such, this Court's stay as to Plaintiffs' claims against Sunlight is **LIFTED**, and Sunlight's motion to compel arbitration and dismiss is now ripe for this Court's review.

## II. LAW & ANALYSIS

In the motions to compel arbitration and dismiss, the parties debate the enforceability of the Arbitration Provision contained in the Loan Agreements that Plaintiffs signed. Sunlight argues that Plaintiffs entered into a valid arbitration agreement and their claims against it are subject to arbitration. Plaintiffs respond that the Arbitration Provision in the Loan Agreement should be voided because it was borne of fraud and is unconscionable.

2

As mentioned, this Court already addressed this same request for arbitration and dismissal as to two other Defendants, TCU and Cross River. (ECF No. 51 at 29–37). In so evaluating, this Court noted that neither TCU nor Cross River presented any substantive arguments that differed from that put forth by Sunlight in its motion, as both parties "adopt[ed] and join[ed]" Sunlight's motion, "incorporate[ing] by reference the arguments set forth therein" and "submit[ting] that the arguments and authorities proffered by Sunlight [] are equally applicable" to each of them. (ECF No. 51 at 29 n.11; *Bowe*, ECF No. 25 at 1; *Riley*, ECF No. 48 at 3). Barring no persuasive reason to treat Sunlight differently, this Court's analysis regarding those two Defendants applies with equal force to Sunlight. But for the sake of completeness, this Court reiterates its reasoning here. This Court need not, however, re-address Plaintiffs' motions to conduct limited discovery on whether the arbitration provision at issue is enforceable, as this Court already denied Plaintiffs' requests, finding them to be unsupported as it relates to all Defendants' motions to compel arbitration and dismiss. (ECF No. 51 at 29–30).

1. *Legal Standard for Motions to Compel Arbitration*

Turning to Sunlight's motions to compel arbitration and dismiss, the FAA provides that arbitration contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Overall, the FAA "embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts." *Seawright v. American General Financial Services, Inc.*, 507 F.3d 967, 972 (6th Cir. 2007) (citation omitted).

Courts are required to review arbitration agreements pursuant to "ordinary state-law principles that govern the formation of contracts." *Sevier Cty. Schools Fed. Credit Union v. Branch Banking and Trust Co.*, 990 F.3d 470, 475 (6th Cir. 2021) (quoting *Glazer v. Lehman Bros., Inc.*,

3

394 F.3d 444, 450 (6th Cir. 2005)). Here, the relevant law is Ohio law. In Ohio and generally, arbitration agreements may be invalidated by generally applicable contract defenses, such as fraud and unconscionability. *See Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010). For cases where there is a claim of fraud in the inducement of the entire contract, the Supreme Court has stated that the matter is to be resolved by the arbitrators, not the federal courts. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 402–04 (1967). If, however, the claim of fraud goes to the making of the agreement to arbitrate, then a federal court may adjudicate. *Id*. at 403–04.

2. *Analysis of the Relevant Loan Agreement*

In this case, the Arbitration Provision in the Loan Agreement, provides, in pertinent part:

> **THIS ARBITRATION PROVISION ("PROVISION") MAY HAVE A SUBSTANTIAL IMPACT ON THE WAY YOU OR WE WILL RESOLVE ANY CLAIM WHICH YOU OR WE MAY HAVE AGAINST EACH OTHER NOW OR IN THE FUTURE.**
>
> (a) Effect of Provision. Unless prohibited by applicable law, <u>you [Plaintiffs] and we [Cross River/TCU]</u> agree that either party <u>may elect to require arbitration</u> of any Claim under this Provision.
>
> (b) Certain Definitions. As used in this provision, the following terms have the following meanings:
>
> …
>
> (ii) <u>"Claim" means any claim, dispute or controversy between you and us ... that arises from or relates in any way to this Note (including any amendment, modification or extension of this Note)</u>, the Contractor Agreement, the work performed by the Contractor or a subcontractor; the System, including maintenance and servicing of the System; the arrangements between and among us, Sunlight and the Contractor; any of our marketing, advertising, solicitations and conduct relating to your request for credit or the System; our collection of any amounts you owe; or our disclosure of or failure to protect any information about you. "Claim" is to be given the broadest reasonable meaning and includes claims of every kind and nature, including but not limited to, initial claims, counterclaims, cross-claims and third-party claims, and claims based on constitution, statute, regulation, ordinance, common law rule (including rules relating to contracts, torts, negligence, fraud or other intentional wrongs) and equity.

4

> It includes disputes that seek relief of any type, including damages and/or injunctive, declaratory or other equitable relief. … **[E]xcept as set forth in the immediately following sentence, "Claim" does not include disputes about the validity, enforceability, coverage or scope of this Provision or any part thereof** (including, without limitation, subsections (f)(iii), (f)(iv) and/or (f)(v) (the "Class Action and Multi-Party Claim Waiver"), the last sentence of subsection (j) and/or this sentence); <u>all such disputes are for a court and not an arbitrator to decide. However, any dispute or argument that concerns the validity or enforceability of this Note as a whole is for the arbitrator, not a court, to decide</u>[.]
>
> …
>
> (c) Arbitration Election; Administrator; Arbitration Uses.
>
> (i) If a lawsuit is filed, <u>the Defending Party may elect to demand arbitration</u> under this Provision of the Claim(s) asserted in the lawsuit . . . A demand to arbitrate a Claim may be given in papers or motions in a lawsuit[.]

(*Bowe*, ECF No. 20-3 at PageID 316-317) (bold and capitalization in the original; underlining added).[1] Additionally, above Plaintiffs' signature line, the Loan Agreement states:

> **BY SIGNING BELOW, YOU AGREE TO THE TERMS OF THIS NOTE, INCLUDING THE ADDITIONAL TERMS AND CONDITIONS BELOW AND THE ATTACHED ARBITRATION PROVISION.**

(*Id*. at PageID 307) (bold and capitalization in the original). Finally, below Plaintiffs' signature line, the Loan Agreement states:

> **THE ARBITRATION PROVISION ATTACHED AS EXHIBIT A WILL HAVE A SUBSTANTIAL IMPACT ON YOUR RIGHTS IN THE EVENT OF A DISPUTE BETWEEN YOU AND US OR BETWEEN YOU AND CONTRACTOR. FOR EXAMPLE, WE (OR CONTRACTOR) MAY REQUIRE YOU TO ARBITRATE ANY CLAIM YOU INITIATE. IF SO, YOU HAVE NOT HAVE THE RIGHT TO A JURY TRIAL OR THE RIGHT TO PARTICIPATE IN A CLASS ACTION IN COURT OR IN ARBITRATION.**

(*Id*.) (bold and capitalization in the original).

---

[1] The Arbitration Provision is the same in all of the consolidated cases, regardless of whether the agreement was between Plaintiffs and Sunlight/Cross River or Plaintiffs and Sunlight/TCU.

As a threshold matter, this Court finds Sunlight properly invoked its right to arbitration by filing motions to compel arbitration. (*See id*. at PageID 316) ("A demand to arbitrate a Claim may be given in papers or motions in a lawsuit."). The questions that remain, then, are: (1) whether Plaintiffs' claims against Sunlight are subject to arbitration; and (2) whether an arbitrator has been legally delegated the authority to make that threshold determination. In this case, the Arbitration Provision specifically states that any disputes about the validity, enforceability, coverage, or scope of the Arbitration Provision are for the court and not the arbitrator to decide, while disputes about the validity or enforceability of the Note (i.e. Loan Agreement) is for the arbitrator and not the court to decide. (*See id*.). Accordingly, this Court finds it has the authority to resolve the parties' disputes surrounding the Arbitration Provision itself, but not the Loan Agreement as a whole. *See Prima Paint Corp.*, 388 U.S. at 404 (holding that federal courts may only consider arguments as to the enforceability of the arbitration provision and not the contract generally).

        *a.  Scope of the Arbitration Provision*

This Court will first consider whether Plaintiffs claims fall within the scope of the Arbitration Provision. This Court finds that they do. The Arbitration Provision defines "claim" broadly as, among other things, any claim between Plaintiffs and Sunlight that arises from or relates in any way to the Loan Agreement, work performed by the installation crew, the solar panel system itself, and any marketing relating to the solar panel system. (*Bowe*, ECF No. 20-3 at PageID 316). The Arbitration Provision further states "claim" is to be given the broadest reasonable meaning and includes claims of every kind and nature. (*Id*.). All of Plaintiffs' allegations against Sunlight meet the definition of "claim" within the Arbitration Provision since they all relate to the marketing, sale, purchase, and installation of their solar panel system. Therefore, this Court finds all of Plaintiffs' claims against Sunlight are subject to arbitration.

*b. Unconscionability*

Next, this Court considers Plaintiffs' arguments that the Arbitration Provision is unconscionable. Unconscionability encompasses two separate concepts: (1) individualized circumstances surrounding each of the parties to a contract such that no voluntary meeting of the minds was possible, i.e., "procedural unconscionability"; and (2) unfair and unreasonable contract terms, i.e., "substantive unconscionability." *Eastham v. Chesapeak Appalachia, L.L.C.*, 754 F.3d 356, 365 (6th Cir. 2014) (citing *Collins v. Click Camera & Video, Inc.*, 86 Ohio App. 3d 826, 621 N.E.2d 1294, 1299 (1993)) (internal quotation marks omitted).

*(1) Procedural Unconscionability*

Ohio courts look to the following when assessing claims of procedural unconscionability:

> factors bearing on the relative bargaining position of the contracting parties, including their age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, and whether alterations in the printed terms were possible." *Cross v. Carnes*, 132 Ohio App. 3d 157, 724 N.E.2d 828, 837 (Ohio Ct. App. 1998). The crucial question is whether 'each party to the contract, considering his obvious education or lack of it, [had] a reasonable opportunity to understand the terms of the contract, or were the important terms hidden in a maze of fine print ...?' *Ohio Univ. Bd. of Trs. v. Smith,* 132 Ohio App. 3d 211, 724 N.E.2d 1155, 1161 (1999).

*Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 666 (6th Cir. 2003). The Ohio Supreme Court, however, has found that "the law does not require that each aspect of a contract be explained orally to a party prior to signing." *ABM Farms, Inc. v. Woods*, 81 Ohio St. 3d 498, 1998-Ohio-612, 692 N.E.2d 574, 578 (Ohio 1998). Additionally, an Ohio Court of Appeals has found that a party cannot avoid enforcement of an arbitration clause because the party failed to read the clause. *See Estate of Brewer v. Dowell & Jones, Inc.*, 2002-Ohio-3440, 2002 WL 1454069, ¶ 13 (Ohio Ct. App. July 3, 2002) ("A party entering a contract has a responsibility to learn the terms of the contract prior to agreeing to its terms."). Further, the Sixth Circuit has exclaimed that "[o]ne who signs a contract

is presumed to know its contents, and … if he has had an opportunity to read the contract which he signs he is bound by its provisions." *Stout v. J.D. Byrider*, 228 F.3d 709, 715 (6th Cir. 2000) (quoting *Sears, Roebuck & Co. v. Lea*, 198 F.2d 1012, 1015 (6th Cir. 1952)).

In this case, Plaintiffs argue the Arbitration Provision is procedurally unconscionable because Plaintiffs were rushed to sign it without being told about it.[2] There is no evidence before this Court, though, that Plaintiffs were too young, lacked education, intelligence, and/or business acumen and experience, and/or had such unequal bargaining power as to render the Arbitration Provision procedurally unconscionable. Rather, the evidence shows Plaintiffs voluntarily signed the Loan Agreement immediately below and above acknowledgments stating that they agreed to the Arbitration Provision limiting their ability to litigate any future dispute. Additionally, Plaintiffs voluntarily signed the Arbitration Provision itself, which states, in bold capital letters, that the provision has substantial impacts on their rights in the event of a dispute. While Plaintiffs may have felt they were rushed to sign the agreements because they did not want to miss out on the sales promotions, there is no evidence before this Court that Plaintiffs were not given an opportunity to read the contracts and provisions therein. Accordingly, this Court finds the Arbitration Provision is not procedurally unconscionable.[3]

---

[2] Plaintiffs also allege the Arbitration Provision is procedurally unconscionable because their signatures and/or initials were auto-filled in. Federal and Ohio law, however, both authorize the use of electronic signatures and deem such signatures binding. *See Bell v. Hollywood Entertainment Corp.*, 2006-Ohio-3974, 2006 WL 2192053, at n.3 (Ohio Ct. App. Aug. 3, 2006).

[3] Because this Court finds the Arbitration Provision is not unconscionable, it does not reach Defendant's estoppel argument.

*(2) Substantive Unconscionability*

The focus of substantive unconscionability is on whether terms are fair and reasonable. *Walker v. Nautilus, Inc.*, 541 F. Supp. 3d 836 (S.D. Ohio 2021). Of course, the arbitral forum must allow for "the effective vindication of a plaintiff's statutory claim." *Floss v. Ryan's Family Steak Houses, Inc.*, 211 F.3d 306, 313 (6th Cir. 2000). Though, "so long as the prospective litigant effectively may vindicate its statutory cause of action in the arbitral forum, the [FAA] will continue to serve both its remedial and deterrent function." *Mitsubishi Motors Corp.*, 473 U.S. at 637.

Here, Plaintiffs argue the Arbitration Provision is substantially unconscionable because it provides for fee-shifting or excess filing costs, it prohibits class action participants or arbitrations, and it substantially restricts discovery. As for fees/costs, the splitting or sharing of the costs of the arbitral forum under a particular arbitration agreement is only substantively unconscionable if it effectively prevents the vindication of a plaintiff's statutory rights. *Morrison*, 317 F.3d at 658. Here, the Arbitration Provision does not shift all costs to Plaintiffs. Rather, it states Defendants will pay any fees required by law, any fees that must be paid in order for the Arbitration Provision to be enforced, and Plaintiffs' attorney's fees and costs if Plaintiffs prevail in arbitration. (*See Bowe*, ECF No. 20-3 at PageID 316-317). Additionally, there is no cost associated with the location of arbitration since the Arbitration Provision states arbitration is to occur where it is reasonably convenient for Plaintiffs. (*See id.*).

As for the class action waiver, this Court finds it does not prohibit Plaintiffs from vindicating their claims. *See Price v. Taylor*, 575 F. Supp. 2d 845, 854 (N.D. Ohio 2008) ("An agreement does not violate a plaintiff's rights merely because it precludes a limited number of remedies."); *see also AT&T Mobility LLC*, 563 U.S. at 352 (holding the FAA preempts California's judicial rule regarding the unconscionability of class arbitration waivers in consumer contracts).

Finally, contrary to Plaintiffs' assertion, the Arbitration Provision does not severely limit discovery, but rather allows the parties to ask the arbitrator for additional discovery. (*See* ECF No. 20-3 at PageID 317.). Accordingly, this Court finds the Arbitration Provision is not substantively unconscionable.

### c. Dismissal

Having found that Plaintiffs' claims are subject to arbitration and the Arbitration Provision is not unconscionable, this Court last determines whether it should dismiss the claims against Sunlight as requested or enter a stay of the action. When all claims fall under the scope of an arbitration agreement, the court is to direct the parties to proceed to arbitration and dismiss the claims, without prejudice and subject to reinstatement, if necessary, so no further action is required of the court, except to enter judgment. *See Orcutt v. Kettering Radiologists, Inc.*, 199 F. Supp. 2d 746, 757 (S.D. Ohio 2002). Since this Court found all claims against Sunlight fall under the scope of the arbitration provision, this Court finds it appropriate to dismiss, rather than stay, Plaintiffs' claims against Sunlight. Accordingly, Sunlight's Motions to Compel Arbitration and Dismiss are **GRANTED**.

### III. CONCLUSION

For the reasons set forth above, Sunlight's Motions to Compel Arbitration and Dismiss are **GRANTED**.

**IT IS SO ORDERED**.

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: April 10, 2024**